## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-2215

Wesley McGee,

      Plaintiff/Movant,

Verifacts, Inc.,

      Defendant.

---

## COMPLAINT

---

For this Complaint, the Plaintiff, Wesley McGee, by undersigned counsel, states as follows:

### JURISDICTION

1.    This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA").

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.    Plaintiff, Wesley McGee ("Plaintiff"), is an adult individual residing in Colorado Springs, Colorado, and is a "person" as defined by 47 U.S.C. § 153(39).

4.    Defendant Verifacts, Inc. ("Verifacts"), is an Illinois business entity with an address of 204 1st Avenue, Sterling, Illinois 61081, and is a "person" as defined by 47 U.S.C. § 153(39).

**FACTS**

5.       Within the last year, Verifacts began calling Plaintiff at his cellular telephone, number 571-xxx-8325.

6.       Verifacts called Plaintiff from the numbers 800-901-0580 and 800-543-1067.  As of the date of the filing of this Complaint, upon calling the above numbers, the caller is prompted with a recording asking the caller to enter the telephone number at which the caller was contacted.  Upon entering a number, a recording states: "Verifiacts is not available to take your call . . ."

7.       During all times mentioned herein, Verifacts called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message on a cellular telephone

8.       Verifacts used an automated voice when placing calls to Plaintiff indicating it was attempting to reach "Rosilla Allison", who is unknown to Plaintiff.

9.       During a live conversation, Plaintiff informed Verifacts that it was calling his personal cellular telephone and that Rosilla Allison was unknown to him and unreachable at his telephone number.

10.      Plaintiff instructed Verifacts to remove his telephone number from the account and cease all communications with him.

11.      However, despite being informed of the foregoing and directed not to call, Verifacts continued placing calls to Plaintiff.

12.      Verifacts oftentimes caused Plaintiff's phone to ring in at 6 a.m., causing frustration to Plaintiff.

13.      Plaintiff never provided his cellular telephone number to Verifacts and never provided his consent to be contacted on his cellular telephone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

14.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     Without prior consent, Verifacts contacted Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16.     Verifacts continued to place automated calls to Plaintiff's cellular telephone after being advised it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     The telephone number called by Verifacts was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18.     The calls from Verifacts to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.     Verifacts's telephone system has the capacity to store numbers in a random and sequential manner.

20.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendant as follows:

A.   Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B.   Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C.   Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 8, 2014

Respectfully submitted,

By   */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.co
*Attorneys for Plaintiff*

Plaintiff:
Wesley McGee
5650 Appalachian View
Colorado Springs, CO 80918